IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bell a/k/a Sulyaman Al Islan Wa Salaam ) ) ) Plaintiff, ) ) v. ) ) Major Myers; Assistant Director Kathryn Harrel; Officer Kenny Brown; and Officer NFN Chappel, ) ) ) ) Defendants. ) | Civil Action No. 9:09-0607-CMC-BM **REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an frequent filer of litigation in this Court, alleges violations of his constitutional rights while he was incarcerated at the Alvin S. Glenn Detention Center in Richland County, South Carolina.[1]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on November 25, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 30, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

---

[1]Plaintiff had originally named the Alvin S. Glenn Detention Center itself as a party Defendant in this case. However, the Detention Center was dismissed as a party Defendant by Order of the Court filed April 13, 2009.

- 1 -



Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on December 8, 2009. Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff set forth his claims in an original verified Complaint[3] in a generally convoluted and confusing manner. However, by Order filed May 7, 2009, Plaintiff's claims were determined to be as follows: Plaintiff alleges that his constitutional rights are being violated because "mental health clients" (which presumably include himself) are being restrained by "double locked doors" when they should instead be housed in doors open to the "pod area" with restricted recreational periods. Complaint, ¶ I. Plaintiff also claims that jail officials are improperly being allowed to make a profit off inmates such as himself from items sold at the jail canteen. Complaint, ¶ III. Plaintiff also claims that his rights are being violated because church services at the jail are being conducted in such a way that they "impose" on inmates' rights and "infringe upon what little down time we have." Complaint, ¶ IV. Plaintiff also claims that he was previously harassed at the "Columbia Care Center" by two officers named "Dash" and "Grey",[4] and seeks injunctive relief to prevent him from being harassed at the detention center. Complaint, ¶ VI. Plaintiff also apparently

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4] Neither of these two individuals have been named as Defendants in this action.

- 2 -



seeks to have "mental health clients" such as himself segregated from other inmates at the detention facility. Complaint, ¶ VIII. Finally, in a response filed to the Defendants' motion for More Definite Statement, Plaintiff also indicates that he alleging that the Defendants Brown and Chappel have been deliberately indifferent to his safety while he has been incarcerated at the detention center, and that particularly the Defendant Brown on one occasion opened a door (or left a door open) so that another inmate, Robert Peterson, could harm him. See Plaintiff's Response, at ¶ V. Plaintiff seeks both injunctive relief and monetary damages.

Plaintiff has attached to his Complaint a copy of a grievance he filed on February 20, 2009. This document reflects that it was received by a prison official on February 21, 2009, but does not show a response. Plaintiff's Complaint is dated approximately three weeks later.

Defendants assert several grounds for dismissal of this case, including that Plaintiff's claims for injunctive and/or declaratory relief are moot since Plaintiff is not longer housed at the Detention Center, that some or all of Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel, and other defenses. However, for purposes of the ground for relief addressed in this opinion, the Court notes that the Defendants have submitted an affidavit from Kathryn Harrell, who attests that she is the Assistant Director of the Alvin S. Glenn Detention Center and is responsible for the day to day operation and administration of that facility. Harrell attests that she is familiar with the Plaintiff and the allegations set forth by the Plaintiff in his Complaint, and that she has reviewed Plaintiff's inmate and medical records maintained by the Detention Center in the ordinary of business, copies of relevant portions of which are attached to her Affidavit as Exhibits A and B.

Harrell attests that the Detention Center has a grievance system in place that allows

inmates to file written complaints regarding the facility or its operation, including complaints relating to alleged unprofessional or abusive actions of staff members, and that as part of the grievance system, inmates may appeal the staff response to the assistant director or the assistant director's designee. Harrell further attests that, based on her review of Plaintiff's inmate records, Plaintiff has not filed any grievances related to the specific allegations set forth in his Complaint, except for some vague grievances related to the food service at the Detention Center. Furthermore, Plaintiff has not appealed any of the grievances that he has filed, as he is required to do per detention center policy. Finally, Harrell attests that she has reviewed the purported grievances that the Plaintiff filed with the Court during the course of the litigation of this matter, and that it appears those grievances were rejected because they did not comply with the inmate grievance procedure, in that the Plaintiff attempted to grieve more than one subject matter in his grievances, which is not allowed under policy. See also, Plaintiff's Exhibit (Grievance Form) attached to his Complaint [setting forth instructions that "inmates will address only a single problem or concern on any one particular grievance form"]. Among the exhibits to Harrell's affidavit are two grievances, both dated shortly before Plaintiff filed this lawsuit.

Harrell attests that if a grievance is rejected for failing to conform with policy, the inmate is informed of this rejection and is given time to re-file a grievance that complies with policy, but that it does not appear that Plaintiff ever re-filed a corrected grievance. See generally, Harrell Affidavit, with attached Exhibits.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no



genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the detention center. Defendants' argue



in their motion, <u>inter</u> <u>alia</u>, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. <u>See</u> <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted an affidavit from Assistant Director Harrell at the Detention Center, in which she attests that the Detention Center has a grievance system in place that allows inmates to file written complaints regarding the facility or its operations, and that as part of that grievance system, inmates may appeal the staff response to a grievance to the assistant director or the assistant director's designee. Harrell further attests that Plaintiff has not filed any grievances related to the specific allegations set forth in his amended complaint, except for some vague grievances related to the food service, nor, significantly, has Plaintiff appealed any of the grievances that he has filed, as he is required to do per detention center policy. Finally, Harrell attests that, with respect any grievances Plaintiff filed during the course of this litigation, it appears that those grievances were rejected because they did not comply with the inmate's grievance procedure.

Plaintiff has provided no evidence to dispute Defendants' evidence. Indeed, in his verified Complaint, at Section II, Plaintiff acknowledges that he only filed a grievance on February 21, 2009 (less than three weeks before the date of his complaint), and in response to the question "Have you received a final agency/departmental/institutional answer or determination concerning this matter (i.e. your grievance)?", Plaintiff answered "No". Additionally, Plaintiff's exhibit (his February 21, 2009 grievance), attached to his Complaint, confirms Plaintiff's representation in his

- 6 -



Complaint, as it bears no response in the response section of the grievance. Therefore, the evidence before the Court is sufficient to establish Plaintiff's failure to pursue and exhaust his administrative remedies prior to filing this lawsuit, justifying dismissal on this ground. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; see also Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial].

In his memorandum opposing summary judgment, Plaintiff states that "pro se first filed case 2007 - litigated through 2009; exercised all institutional remedies 2005 through 2006 which is more [than] within a timely and orderly manner." It is not clear whether Plaintiff is intending to argue in this statement that he pursued institutional remedies (presumably at the Alvin S. Glenn Detention Center, although that is not clear) with respect to alleged grievances he had in 2005 and 2006, and that he is therefore not required to do anything else. However, if that is his argument, it is patently without merit. Before Plaintiff can bring a lawsuit in Federal District Court, he is required to exhaust his administrative remedies with respect to the claim he is asserting *in that lawsuit* - it really does not matter what he has done in years previous. Cf. Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

It should also be noted that, among Plaintiff's numerous filings in this case, he has submitted copies of two other grievances he has filed, one on April 15, 2009, and another on or about September 15, 2009. However, since both of these grievances postdate the filing of Plaintiff's



complaint, they cannot be used as a basis to allow Plaintiff to proceed with this lawsuit. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

## Conclusion

Based on the foregoing, the undersigned finds that the Defendants have met their burden of establishing that Plaintiff failed to exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. Therefore, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies. Harvey, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial]; Freeman, 196 F.3d at 645 [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 3, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

